**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br> 935 Pennsylvania Avenue, N.W. <br> Washington, DC 20535, <br><br> Defendant. | ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Complaint**

This Administrative Procedure Act lawsuit challenges Defendant Federal Bureau of Investigation's failure to conform to the Federal Records Act concerning the preservation of electronic messages (excluding email).  As grounds for its lawsuit, Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**Parties**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff's mission is to educate the public about the operations and activities of the government and government officials.  Plaintiff undertakes investigations of the federal government and federal officials by making extensive use of the Freedom of Information Act.  If an agency fails to respond to a request within the time required

by FOIA, or if the agency withholds responsive records, Plaintiff often files suit. In 2018 alone, Plaintiff has sent over 60 FOIA requests to the FBI, seeking access to communications of agency officials, officers, or employees. Of those requests, at least 30 of them specifically seek electronic messages. In addition, Plaintiff has 8 pending lawsuits against the U.S. Department of Justice for communications of FBI officials, officers, or employees. Of those, at least 2 specifically seek electronic messages.

4. Defendant FBI is an agency of the U.S. Government and has its headquarters at 935 Pennsylvania Avenue, N.W., Washington, DC 20535.

**Facts**

5. The FRA governs the creation, management, and disposal of records by federal agencies. 44 U.S.C. §§ 2101-20, 2901-11, 3101-07, and 3301-14.

6. The FRA requires the preservation of all records made or received by an agency that documents the agency's activities. 44 U.S.C. § 3301(a)(1)(A). Such records are known as "federal records." *Id*.

7. The FRA also requires agencies establish and maintain a recordkeeping program that provides effective controls over federal records. *Citizens for Responsibility & Ethics in Washington v. Pruitt*, 2018 U.S. Dist. LEXIS 123183, *18 (D.D.C. July 24, 2018) (*quoting* 44 U.S.C. § 3102).

8. The National Archives and Records Administration has a central oversight role in providing guidance and assistance to agencies. 44 U.S.C. § 2904. It promulgates standards, procedures, and guidelines concerning the management of federal records. *See id*.; *see also* 36 C.F.R. § 1222.22, *et seq*.

9. According to NARA, electronic messages created or received in the course of

agency business are federal records.  Electronic messages include email,[1] text messages, chat/instant messages, and voicemail messages.  David Ferriero, *Guidance on Managing Electronic Messages*, Bulletin 2015-02 (July 29, 2015, available at https://www.archives.gov/records-mgmt/bulletins/2015/2015-02.html).

10. Because they are federal records, electronic messages must be captured and managed in compliance with the FRA.  As the use of electronic messaging systems changes, agencies must review and update their recordkeeping programs to account for such changes.  *Id.*

11. The FBI however does not have a recordkeeping program in place that provides effective controls over the maintenance of electronic messages, including text messages.

12. According to Michael Seidel, the Assistant Section Chief of the Record/Information Dissemination Section in the FBI's Information Management Division, "text messages on [FBI]-issued devices are not automatically integrated into an FBI records system." Declaration of Michael G. Seidel, Docket Entry No. 19-2, *Danik v. U.S. Department of Justice*, Case No. 17-cv-01792 (TSC) (D. District of Columbia) at ¶ 8.

13. The FBI relies upon its personnel to incorporate their text messages into a recordkeeping system.  If FBI personnel do not actively incorporate their text messages into a recordkeeping system, the text messages are not preserved.  *Id.* at ¶¶ 9-11.

14. This policy is unique to text messages and other electronic messages.  While some FBI communications (including emails) are automatically incorporated into FBI filing systems, text messages are not.  *Id.* at ¶ 12.

15. Because the FBI does not have a recordkeeping program in place that provides effective controls over the maintenance of electronic messages, Plaintiff is unable to obtain

---

[1] Email is not at issue in this lawsuit.

electronic messages through FOIA requests to the FBI. As a result, Plaintiff is being deprived of information that would aid its investigations and is being harmed in its educational mission.

## Count I
**(Administrative Procedure Act Violation)**

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendant's failure to establish and maintain a recordkeeping program that provides effective controls over the maintenance of electronic messages violates the FRA.

18. Defendant's failure to establish and maintain a recordkeeping program that provides effective controls over the maintenance of electronic messages constitutes a final agency action for which there is no adequate remedy at law.

19. Defendant's failure to establish and maintain a recordkeeping program that provides effective controls over the maintenance of electronic messages is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the FRA.

20. Defendant's failure to establish and maintain a recordkeeping program that provides effective controls over the maintenance of electronic messages is causing Plaintiff irreparable harm because it prevents Plaintiff from obtaining electronic messages under FOIA.

21. Plaintiff will continue to be irreparably harmed unless and until Defendant establishes and maintains a recordkeeping program that provides effective controls over the maintenance of electronic messages.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to establish and maintain a recordkeeping program that provides effective controls over the maintenance of electronic messages to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) order Defendant to establish and maintain a recordkeeping program that provides effective controls over the maintenance of electronic

messages so that Plaintiff may obtain electronic messages subject to Plaintiff's FOIA requests; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action; and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 9, 2018

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*